Jerry L. Steering (SBN 122509)
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorney for plaintiff ALAISHA TYSHARI BROWDER, individually and as
guardian ad litem for her minor children, D.K.A. and M.K.T.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAISHA TYSHARI BROWDER, individually and as guardian ad litem for her minor children, D.K.A. and M.K.T., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO, JEREMIAH CORNETT, THOMAS BOYDSTON and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 5:19-CV-02306-JGB-SP <br><br> [CORRECTED] COMPLAINT FOR VIOLATIONS OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW [42 U.S.C. § 1983] UNREASONABLE SEIZURE OF PERSON (U.S. CONST. AMEND IV); UNREASONABLE FORCE (U.S. CONST. AMEND IV); UNREASONABLE SEARCH AND SEIZURE OF RESIDENCE (U.S. CONST. AMEND IV); INTERFERENCE WITH FAMILIAL RELATIONS (U.S. CONST. AMEND XIV); DENIAL OF SUBSTANTIVE DUE PROCESS (U.S. CONST. AMEND XIV);  MALICIOUS PROSECUTION (U.S. CONST. AMEND IV & XIV), WITHHOLDING / CONCEALING EXCULPATORY EVIDENCE (U.S. CONST. AMEND VI & XIV) and CALIFORNIA CLAIMS FOR FALSE ARREST, TRESPASS / INVASION OF PRIVACY, INTENTIONAL |

INLICTION OF EMOTIONAL
DISTRESS

**JURY TRIAL DEMANDED**

**COMES NOW** plaintiff ALAISHA TYSHARI BROWDER, individually and as guardian ad litem for her minor children, D.K.A. AND M.K.T., and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.      As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiffs' federal questions claims, this court has supplemental jurisdiction over the plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4.      Plaintiffs timely filed their Claims for Damages against the County of San Bernardino on or about May 2, 2019[1], pursuant to the California *Government*

---

[1] The incident complained of in this action took place on November 6, 2018.

CORRECTED COMPLAINT FOR DAMAGES

2

Claims Act[2], Cal. Gov't. Code § 900 *et seq*., and said claims were denied by defendant County of San Bernardino on or about May 30, 2019; less than six months prior to the filing of this instant action[3].

## **GENERAL ALLEGATIONS**

5.   Plaintiff Alaisha Tyshari Browder (hereinafter referred to as "plaintiff", or "plaintiff Alaisha Tyshari Browder" or "BROWDER"), is an individual person, residing in the County of San Bernardino, State of California, with her minor children, D.K.A. and M.K.T. She appears in this action individually, and as guardian ad litem, for her minor children, D.K.A. and M.K.T.

6.   Minor plaintiff D.K.A., (hereinafter referred to as "plaintiff D.K.A." or "D.K.A.") was born on March 7, 2011, and appears in this action through her natural and legal mother, plaintiff Alaisha Tyshari Browder.

7.   Minor plaintiff M.K.T., (hereinafter referred to as "plaintiff M.K.T.." or "M.K.T.") was born on February 21, 2007, and appears in this action through her natural and legal mother, plaintiff Alaisha Tyshari Browder.

8.   Defendant County of San Bernardino, hereinafter also referred to as "County of San Bernardino" or "COUNTY," is a political subdivision of the State of California and is a municipal entity located within the territorial jurisdiction of this Honorable Court.

9.   Defendant Jeremiah Cornett, hereinafter referred to as "CORNETT," is, and was at all times complained of herein, employed as a full-time sworn Deputy Sheriff with the San Bernardino County Sheriff's Department (hereinafter "San

---

[2] So presently re-named via California Supreme Court decision on breadth of statute (the act includes claims *ex contractu* as well as claims *ex delicto*; tort claims.)
[3] May 30, 2019 was a Saturday.

Bernardino County Sheriff's Department" and/or 'Sheriff's Department" or "SBSD"). At all times complained of herein, CORNETT was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of San Bernardino.

10.     Defendant Thomas Boydston, hereinafter referred to as "BOYDSTON," is, and was at all times complained of herein, employed as a full-time sworn Deputy Sheriff with the San Bernardino County Sheriff's Department. At all times complained of herein, BOYDSTON was acting as an individual person under the color of state law, pursuant to his status as a Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of San Bernardino.

11.     Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ special officers and/or a dispatchers and/or social services practitioners and/or some other public officer, public official or employee of defendant County of San Bernardino, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are unknown to plaintiffs.

12.     At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons under color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or police officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or Social Services Practitioners and/or dispatchers, employed by defendant County of San Bernardino, and were acting in the course of and within the scope of their employment with defendant County of San Bernardino.

CORRECTED COMPLAINT FOR DAMAGES

13.     Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel (such as) and/or policy making and/or final policy making officials, employed by the County of San Bernardino, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of San Bernardino for: 1) for unlawfully taking and detaining the children of persons by using false statements of material facts[4] with deliberate indifference and malice; 2) for unlawfully seizing persons; 3) for unlawful searching and seizing persons and their personalty / property; 4) for falsely arresting and falsely imprisoning persons; 5) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs, social service practitioners and supervisory personnel from civil, administrative and criminal liability; 6) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 7) for defaming peace officers to their employers with false allegations of criminal conduct with spite, hatred and ill-will; 8) for

_____

[4] And omissions of material facts.

CORRECTED COMPLAINT FOR DAMAGES

5

covering-up unlawful and tortious conduct by County of San Bernardino personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiffs in this action.

14.     At all times complained of herein, DOES 7 through 10, inclusive, were acting were acting as individual persons acting under the color of state law, pursuant to their authority as deputy sheriffs and/or Supervisory Officers, Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the County of San Bernardino, and/or some other public official(s) with County of San Bernardino, and were acting in the course of and within the scope of their employment with defendant County of San Bernardino.

15.     Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of San Bernardino, for, inter alia: 1) for unlawfully taking and detaining the children of persons by using false statements of material fact with deliberate indifference and malice; 2) for unlawfully seizing persons; 3) for unlawful searching and seizing persons and their personalty / property; 4) for falsely arresting and falsely imprisoning persons; 5) for fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs, social service practitioners and supervisory personnel from civil, administrative and criminal liability; 6) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 7) for defaming peace officers to their employers with false allegations of criminal

CORRECTED COMPLAINT FOR DAMAGES

6

conduct with spite, hatred and ill-will; 8) for covering-up unlawful and tortious conduct by County of San Bernardino personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action.

16.     In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs BROWDER of their federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

17.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiffs' federal and state constitutional and statutory rights, as complained of herein.

18.     Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiffs.

## FIRST CAUSE OF ACTION
### UNREASONABLE SEIZURE OF PERSON
### UNDER THE FOURTH AMENDMENT TO U.S. CONSTITUTION
### [42 U.S.C. § 1983]
**(By Plaintiffs Alaisha Tyshari Browder, D.K.A. and M.K.T. against Defendants County Of San Bernardino Jeremiah Cornett, Thomas Boydston and DOES 1 through 6, inclusive)**

19.     Plaintiffs Alaisha Tyshari Browder, D.K.A. and M.K.T. all resided at an apartment at 15450 Nisqualli Road, #5108, Victorville, California.

20.     Plaintiff Alaisha Tyshari Browder had a former boyfriend, one Dejuan

Reed.

21.     On April 13, 2015 plaintiff Alaisha Tyshari Browder and her then boyfriend, Dejuan Reed, both signed a lease agreement to lease the apartment at 15450 Nisqualli Road, #5108, Victorville, California.

22.     Almost one year later, on or about March 11, 2017 plaintiff Alaisha Tyshari Browder signed an extension of that lease for another year. She also signed that lease for Dejuan Reed, with his permission, at his direction and in the presence of the landlord.

23.     Thereafter, Dejuan Reed conned / defrauded plaintiff Alaisha Tyshari Browder into giving him a check in the amount of $4,500.00, made payable to a third party.

24.     Dejuan Reed told plaintiff Alaisha Tyshari Browder that the third-party payor on the check was a mortgage broker, who was supposed to have taken the $4,500.00 for the earnest money deposit for Dejuan Reed and plaintiff Alaisha Tyshari Browder to purchase a home, for them to live together at their newly purchased home.

25.     In fact, the third-party payor on the $4,500.00 check was not a mortgage broker, but rather a friend of Dejuan Reed, who cashed the $4,500.00 check for him; stealing the money from plaintiff Alaisha Tyshari Browder, and leaving her without money to pay the rent at 15450 Nisqualli Road, #5108, Victorville, California.

26.     Thereafter, Dejuan Reed moved out of the apartment at 15450 Nisqualli Road, #5108, Victorville, California; leaving the plaintiff and her children there. Unbeknown to plaintiff Alaisha Tyshari Browder, Dejuan Reed was leading a dual life; living with her and contemporaneously living with another woman and her / his children. Plaintiff was unaware of this dual life of Dejuan Reed.

27.     Thereafter, plaintiff was evicted from 15450 Nisqualli Road, #5108,

CORRECTED COMPLAINT FOR DAMAGES

8

Victorville, California for non-payment of rent.

28.     Thereafter, both plaintiff Alaisha Tyshari Browder and Dejuan Reed were sued for $2,925.00 by their landlord, Mountain Vista Apartments.

29.     Dejuan Reed received a copy of that lawsuit and contacted the law firm representing Mountain Vista Apartments, and told them that he never lived at 15450 Nisqualli Road, #5108, Victorville, California, and that he never signed any lease with the Mountain Vista Apartments (either the original lease or the renewal), that he has never lived in Victorville, California and has had no contacts at all with Victorville, California.

30.     Thereafter, on or about September 4, 2018 Dejuan Reed contacted / was contacted by the Los Angeles County Sheriff's Department about his complaint that plaintiff Alaisha Tyshari Browder forged his signature on the lease renewal agreement with Mountain Vista Apartments without his permission.

31.     Dejuan Reed told the Los Angeles County Sheriff's Department Investigators:

> 1)  that he was served with a lawsuit, requesting damages against him in the amount of $3,159.09 for rent owed at 15450 Nisqualli Road, #5108, Victorville, California;
>
> 2)  that he has never lived at that address and doesn't know anyone in Victorville, including plaintiff Alaisha Tyshari Browder;
>
> 3)  that he never signed any lease, either the original or the renewal, for 15450 Nisqualli Road, #5108, Victorville, California;
>
> 4)  that Reed had no ties to Victorville, California, and
>
> 5)  that his mail at his residence in Palmdale had not been tampered with.

CORRECTED COMPLAINT FOR DAMAGES

32.     Thereafter, Los Angeles County Sheriff's Department Detectives contacted San Bernardino County Sheriff's Department Detectives to investigate Dejuan Reed's (false) claims about the lease, and about plaintiff Alaisha Tyshari Browder

33.     Thereafter, on November 6, 2018 San Bernardino County Sheriff's Department deputy sheriffs Jeremiah Cornett, Thomas Boydston and DOES 1 through 6, inclusive, obtained a search warrant for plaintiff Alaisha Tyshari Browder's then home at 14499 Begonia Road, #15, Victorville, California.

34.     In order to obtain that search warrant said defendants made false representations of material facts, and material omissions of facts, in their Statement of Probable Cause in support of their application for that search warrant of the plaintiffs' home.

35.     Moreover, the defendants' search warrant application did not mention that: 1) although Dejuan Reed told the Los Angeles County Sheriff's Department that he that he has never lived at that address and doesn't know anyone in Victorville, including plaintiff Alaisha Tyshari Browder, that he admitted to defendant Cornett and the others that he did sign the original lease for the apartment, and 2) that he never lived in Victorville and had no ties to Victorville; both of those statements were provably false.

36.     Said defendants' false representations of material facts and material omissions in their Statement of Probable Cause in their application for that search warrant of the plaintiffs' home were done intentionally, and without said material misstatements and omissions, the Judge who issued said search warrant for the plaintiffs' home would not (or at least should not) have done so. Moreover, the warrant application did not show sufficient probable cause for said search warrant to have issued; especially with the material misrepresentations and omissions of materials facts.

CORRECTED COMPLAINT FOR DAMAGES

10

37.     The search warrant was also based on the defendants' claims that plaintiff Alaisha Tyshari Browder had committed a forgery when signing the renewal lease agreement for Dejuan Reed for the apartment at 15450 Nisqualli Road, #5108, Victorville, California; something untrue.

38.     Thereafter, also on November 6, 2018 defendants San Bernardino County Sheriff's Department deputy sheriffs Jeremiah Cornett, Thomas Boydston and DOES 1 through 6, inclusive, executed said search warrant at the plaintiffs' home residence at 14499 Begonia Road, #15, Victorville, California.

39.     They entered that apartment with a key to the door of the same that said defendants obtained from the apartment complex's office manager.

40.     When defendants San Bernardino County Sheriff's Department deputy sheriffs Jeremiah Cornett, Thomas Boydston and DOES 1 through 6, inclusive, executed said search warrant at the plaintiffs' home, said defendants pointed their pistols / guns at the plaintiffs in a threatening manner; scaring them. Said defendants also detained the plaintiffs at gunpoint, and detained the defendants throughout their search of the plaintiffs' home, until they arrested plaintiff Alaisha Tyshari Browder.

41.     Said defendants also then questioned plaintiff Alaisha Tyshari Browder about her signing the lease and the lease renewal document, above-referenced, about her relationship with Dejuan Reed, and about her tax preparing and other businesses from which she works at home; at that apartment.

42.     Plaintiff told said defendants that Dejuan Reed had directed her to sign the lease renewal agreement for him, and that he used to reside with her at the subject apartment and that they were now broken-up. The defendants also found at the plaintiffs'' home a box of documents of letters, bills and other documents showing Dejuan Reed's address at that subject apartment, and that he received his mail there for a long time.

43. It would have been apparent to any reasonably well-trained peace officer that Dejuan Reed had at least lied to the Los Angeles County Sheriff's Department about:

1) that he has never lived at that address and doesn't know anyone in Victorville, including plaintiff Alaisha Tyshari Browder;

2) that he never signed any lease (original or renewal) for 15450 Nisqualli Road, #5108, Victorville, California; and

3) that Reed had no ties to Victorville, California.

44) Accordingly, after their search and interrogation of the plaintiff any reasonably well-trained peace officer would not have believed that probable cause to believe that plaintiff Alaisha Tyshari Browder committed a crime; especially the crime of forgery.

45) Moreover, at the time of the search warrant execution at the plaintiffs' home on November 6, 2018, plaintiff had been evicted from her apartment, as Dejuan Reed had stolen $4,500.00 from her and she could not pay her rent at that location.

46) Moreover, at the time of the search warrant execution at the plaintiffs' home on November 6, 2018, she had possession of a U-Haul truck at her apartment parking lot, along with the keys to the same; the truck that she was going to use to move her furniture and her and her children's personal effects.

47) Moreover, at the time of the search warrant execution at the plaintiffs' home on November 6, 2018, the defendants located a box of documents that were letters, bills, invoices, receipts and other items that a reasonably well-trained peace officer would have known that Dejuan Reed really had lived at the apartment at 15450 Nisqualli Road, #5108, Victorville, California, and that he was lying to police authorities about his not having known the plaintiff, and not having lived in Victorville, and not having any contacts with Victorville.

48)     Moreover, at the time of the search warrant execution at the plaintiffs' home on November 6, 2018, there were boxes of various food items and of other items of personal property that were only there in the position that they were in because plaintiff Alaisha Tyshari Browder was in the process of moving; not because she kept a dirty and unhealthy home.

49)     Any reasonably well-trained peace officer would have concluded that plaintiff was not guilty of any crime. -

50)     Because it was apparent to the defendants that plaintiff had not committed a crime, the defendants decided to justify their search and seizure of the plaintiffs and their home, the defendants arrested plaintiff Alaisha Tyshari Browder, and took her to jail on bogus charges of felony forgery and felony child abuse.

51)     The defendants knew that plaintiff Alaisha Tyshari Browder's messy house was only in that condition because she was in the process of moving.

52)     However, the defendants feared that their false arrest of the plaintiff for forgery would be discovered and might expose them to civil liability and discipline, so they attempted to frame plaintiff Alaisha Tyshari Browder for felony child neglect.

53)     They did that by making the house much messier than it was, and by spreading food around in a messy and unhealthy way; so messy that someone who didn't know that the plaintiffs were moving might believe that the minor plaintiffs were suffering from child neglect; the desired result of the defendants' misfeasance.

54)     Plaintiff Alaisha Tyshari Browder was then taken to jail, and her children were taken into custody by Child Protective Services, and were ultimately held by Child Protective Services for 30 days.

55)     Plaintiff Alaisha Tyshari Browder was forced to post a $50,000.00 bail bond to get out of jail, which she did ultimately post at a cost of $5,000.00.

56)     Moreover, the defendants seized the plaintiff's property pursuant to the

CORRECTED COMPLAINT FOR DAMAGES

13

search warrant, improvidently issued, described-above.

57)     As a proximate result of the detentions and arrests of the plaintiffs, above-described, plaintiffs suffered substantial damages, including, but not limited to, mental, emotional and physical injury, pain and suffering, medical / psychological bills and costs, and lost wages and profits in the amount of $2,500,000.00 for each of the minor plaintiffs, and in the amount of $5,000,000.00 for plaintiff Alaisha Tyshari Browder.

58)     Said actions and omissions of the defendants, above-referenced, above-referenced, were done maliciously and in reckless disregard of plaintiffs' constitutional rights; sufficient for an award of punitive damages against said defendants; in an amount to be shown at trial, in excessive of $2,000,000.00 each.

## SECOND CAUSE OF ACTION
### UNREASONABLE SEARCH & SEIZURE OF PRIVATE RESIDENCE
### UNDER THE FOURTH AMENDMENT
### [42 U.S.C. § 1983]
**(By Plaintiffs Alaisha Tyshari Browder, D.K.A. and M.K.T. against Defendants County Of San Bernardino, Jeremiah Cornett, Thomas Boydston and DOES 1 through 6, inclusive)**

59)     Plaintiffs hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60)     As set forth above, pursuant to their execution of the search warrant for 15450 Nisqualli Road, #5108, Victorville, California on November 6, 2018, defendants detained all of the plaintiffs at gunpoint.

61)     Also as set forth above, the defendants improperly obtained a search warrant for the plaintiffs' then residence at 15450 Nisqualli Road, #5108, Victorville, California.

62)     Also as set forth above, the defendants made the plaintiffs' home

appeared much messier than it was when they arrived there, by spreading food and personal property inside of the apartment around in a messy and unhealthy way; so messy that someone who didn't know that the plaintiffs were moving might believe that the minor plaintiffs were suffering from child neglect; the desired effect.

63)    Also, the defendants searched the plaintiffs' entire apartment and just about everything inside of it.

64)    This search by the defendants, especially the way in which it was done, to create the appearance of a total unsanitary mess inside of the home, itself caused great mental and emotional distress to the plaintiffs, who were left to clean-up the mess to move.

65) Also as set forth above, plaintiff Alaisha Tyshari Browder was taken from her home to jail, and the minor plaintiffs were taken by Child Protective Services; all with the defendants remaining in the plaintiffs' home and searching the same for hours.

66)    The actions of the defendants constituted an unreasonable and unlawful and unconstitutional seizure of the plaintiffs' private residence under the Fourth Amendment to the United States Constitution.

67)    As a proximate result of the unreasonable and unlawful and unconstitutional seizure of the plaintiffs' private residence, above-described, plaintiffs suffered substantial damages, including, but not limited to, mental, emotional and physical injury, pain and suffering, medical / psychological bills and costs, and lost wages and profits in the amount of $2,500,000.00 for each of the minor plaintiffs,  and in the amount of $5,000,000.00 for plaintiff Alaisha Tyshari Browder.

68)    Said actions and omissions of the defendants, above-referenced, above-referenced, were done maliciously and in reckless disregard of plaintiffs' constitutional rights; sufficient for an award of punitive damages against said

defendants; in an amount to be shown at trial, in excessive of $2,000,000.00 each.

### THIRD CAUSE OF ACTION
### MALICIOUS PROSECUTION /
### UNDER THE FOURTH & FOURTEENTH AMENDMENTS[5]
### [42 U.S.C. § 1983]
### (By Plaintiff Alaisha Tyshari Browder against Defendants County Of San Bernardino, Jeremiah Cornett, Thomas Boydston And Does 1 through 6, inclusive)

69)     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 68, inclusive, above, as if set forth in full herein.

70)     As set forth above, plaintiff Alaisha Tyshari Browder was arrested on November 6, 2018 for felony forgery (Cal. Penal Code § 470(a)) and felony child endangerment (Cal. Penal Code § 273a(a)), in the absence of an arrest warrant or probable cause to believe that plaintiff Alaisha Tyshari Browder committed a crime.

71)     On November 8, 2018 the San Bernardino County District Attorney's Office filed a Misdemeanor Complaint against plaintiff Alaisha Tyshari Browder for 2 counts of violation of Cal. Penal Code § 273a(a) (child endangerment); one count for each of the minor plaintiffs to this action; *The People of the State of California v. Alaisha Tyshari Browder*, Victorville - San Bernardino County Superior Court Case Number MVI18012433. This criminal case filing by the San Bernardino County District Attorney's Office was based upon the information contained in the police reports submitted to that agency by the San Bernardino County Sheriff's Department.

72)     In deciding to file that Misdemeanor criminal case against plaintiff

_____

[5] To the United States Constitution.

CORRECTED COMPLAINT FOR DAMAGES

16

Alaisha Tyshari Browder, the filing Deputy District Attorney(s) with the San Bernardino County District Attorney's Office didn't use their independent judgment, in that said filing Deputy District Attorney(s) relied on false and misleading statements contained in the police report(s) authored by defendant Jeremiah Cornett, pursuant to an agreement by and between defendants Jeremiah Cornett, Thomas Boydston and DOES 1 through 6, inclusive, to frame plaintiff Alaisha Tyshari Browder for violation of Cal. Penal Code § 273a(a).

73)     This conspiracy to frame plaintiff Alaisha Tyshari Browder for violation of Cal. Penal Code § 273a(a) (child endangerment) began at the plaintiffs' home, during the search of the same on November 6, 2018; above-referenced.

74)     This conspiracy to frame plaintiff Alaisha Tyshari Browder for violation of Cal. Penal Code § 273a(a) was done because after speaking with plaintiff Alaisha Tyshari Browder at her home during the execution of the search warrant of the plaintiffs' home on November 6, 2018, it was clear to the defendants that the plaintiff was innocent of violation of Cal. Penal Code § 470(a) (forgery).

75)     However, rather than using the San Bernardino County Sheriff's Department's "Long Form" procedure[6], the defendants made a hasty decision to arrest plaintiff Alaisha Tyshari Browder; believing that she was almost assuredly not guilty of forgery.

76)     They, therefore, decided to frame plaintiff Alaisha Tyshari Browder for Child Endangerment, by making a terrible mess of her home after she and her children were taken away as described above.

77)     Pursuant to said agreement to frame the plaintiff for child

_____

[6] The Long Form procedure is when Deputy Sheriff's don't immediately arrest the suspect and submit a police report to the District Attorney's Office to see if they will file a criminal case against the suspect. If the case is filed, an arrest warrant issues, and the suspect is then arrested.

endangerment, the defendants tossed / placed food, rubbish and items of personal property about the plaintiffs' home, to create a real health hazard type of mess, which they did.

78)   Pursuant to this agreement to frame the plaintiff that was initially made at the plaintiffs' home, after making a terrible mess of her home, the defendants then took multiple photos of the mess that they had made, claiming that the photos of their mess of the plaintiffs' home showed the condition of the home when they entered the same.

79)   In addition to the above and foregoing, after said defendants had returned to the Victorville substation of the San Bernardino County Sheriff's Department, defendants Jeremiah Cornett, Thomas Boydston and DOES 1 through 6, inclusive, agreed that defendant Cornett would author a false and misleading police report to frame plaintiff Alaisha Tyshari Browder for both Cal. Penal Code § 470(a) and Cal. Penal Code § 273a(a).

80)   Pursuant to said conspiracy to frame plaintiff Alaisha Tyshari Browder, defendant Cornett authored a false and misleading police report, that falsely represented, *inter alia*, that plaintiff Alaisha Tyshari Browder forged Dejuan Reed's name on the lease renewal for 15450 Nisqualli Road, #5108, Victorville, California.

81)   Defendants knew that Dejuan Reed had lied to Los Angeles County Sheriff's Department Detectives, by telling them that:

      1)  that he has never lived at that address and doesn't know anyone in Victorville, including plaintiff Alaisha Tyshari Browder;

      2)  that he never signed any lease (original or renewal) for 15450 Nisqualli Road, #5108, Victorville, California; and

      3)  that Reed had no ties to Victorville, California.

82)   However, in defendant Cornett's police report, he showed that Reed admitted that he signed the original lease for 15450 Nisqualli Road, #5108,

Victorville, California.

83)     Moreover, in his police report defendant Cornett didn't mention that Reed told the Los Angeles County Sheriff's Department that he didn't know plaintiff Alaisha Tyshari Browder, and that he had no contacts with anyone in Victorville, and that he has never lived in Victorville.

84)     Moreover, in his report, defendant Cornett stated:

> *I asked Browder about the condition of the residence. Browder stated that she was moving out of the apartment because she was being evicted. She explained that the residence was in disarray because she was packing. I asked additional questions about the condition of the residence and she stated that she knew that the residence was currently not in a habitable condition. As I continued to ask additional questions about the living conditions, Browder stated she wanted a lawyer and did not want to speak with me any longer. I ended my interview upon her request.*"

85)     However, plaintiff Alaisha Tyshari Browder showed the defendants her U-Haul truck that she had rented, and had the key to the U-Haul truck in her hands while speaking with the defendants.

86)     Also, in his report, defendant Cornett failed to state anything about the U-Haul truck, and failed to state that the defendants are the ones who trashed the plaintiffs' home and made it look much worse than it was when the plaintiffs were taken to jail / juvenile hall.

87)     Moreover, in his police report, defendant Cornett stated in his police report, inter alia, that:

> "*Steak knives and other eating utensils were found throughout the residence. Some of the steak knives were found between the couch cushions. The refrigerator had nearly no food.*"

88)     However, there were no knives in the cushions in the couch or in any place other than the kitchen, so there was no dangerous condition of the home

CORRECTED COMPLAINT FOR DAMAGES
19

caused by the knives. Moreover, the children was not so young as to being in a dangerous condition of the home in that minor plaintiff D.K.A. was seven years old at the time of the search warrant execution, and minor plaintiff M.K.T. was eleven years old.

89)     On March 14, 2019 at plaintiff Alaisha Tyshari Browder's trial for child endangerment, at the conclusion of the prosecution's case, the Superior Court, Judge John Nguyen, found plaintiff Alaisha Tyshari Browder Not Guilty on both (and all) counts of child endangerment.

90)     This happened after it became apparent to Judge Nguyen that defendants Cornett and Boydston were lying to the court, and had falsely testified at the plaintiff's trial about the mess at the plaintiff's home, and how it got in that condition; believing that the deputies were trying to frame the plaintiff.

91)     Accordingly, the defendants lacked probable cause to believe that the plaintiff had committed any crime at all, especially child endangerment.

92)     Also, this attempted frame-up of the plaintiff was done with malice.

93)     This malicious criminal prosecution of plaintiff Alaisha Tyshari Browder proximately caused the plaintiff to suffer physical, mental and emotional pain, suffering and distress, attorney's fees, bail costs and other special and general damages, in an amount in excess of $5,000,000.00

94)     Said actions and omissions of the defendants, above-referenced, above-referenced, were done maliciously and in reckless disregard of plaintiffs' constitutional rights; sufficient for an award of punitive damages against said defendants; in an amount to be shown at trial, in excessive of $2,000,000.00 against each defendant.

**FOURTH CAUSE OF ACTION**

**DELIBERATE FABRICATION OF EVIDENCE
UNDER THE FOURTEENTH AMENDMENT[7]
[42 U.S.C. § 1983]
(By Plaintiff Alaisha Tyshari Browder against Defendants County of San
Bernardino, Jeremiah Cornett, Thomas Boydston And DOES 1 through 6,
inclusive)**

95)     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 94, inclusive, above, as if set forth in full herein.

96)     As set forth above, plaintiff Alaisha Tyshari Browder was arrested on November 6, 2018 for felony forgery (Cal. Penal Code § 470(a)) and felony child endangerment (Cal. Penal Code § 273a(a)), in the absence of an arrest warrant or probable cause to believe that plaintiff Alaisha Tyshari Browder committed a crime.

97)     Also as set forth above, defendants Cornett, Boydston and DOES 1 through 6, inclusive, conspired to frame plaintiff Alaisha Tyshari Browder.

98)     In their efforts to frame the plaintiff for violation of Cal. Penal Code § 273a(a), said defendant deliberately fabricated evidence that was used to criminally prosecute the plaintiff; to wit;

1)     false police reporting and false testimony about and photographs of the plaintiffs' home, falsely showing / claiming the condition of the plaintiffs' property shown on photographs submitted to the District Attorney's Office by defendants that were taken after the defendants trashed the plaintiffs' home, was the condition that they found the apartment in when they entered the same.

2)     the defendants withheld from the prosecution that plaintiff Alaisha Tyshari Browder was moving, had a U-Haul truck at her

---

[7] To the United States Constitution.

residence, along with the keys to the truck.

    3)    the false reporting in their police reports and at trial that the defendants had found knives in the cushions of the plaintiffs' couch in their apartment; an apartment occupied by young children.

99)    This fabrication of evidence by said defendants proximately caused plaintiff Alaisha Tyshari Browder to suffer a false arrest and a malicious criminal prosecution, as well as to suffer physical, mental and emotional pain, suffering and distress, attorney's fees, bail costs and other special and general damages, in an amount in excess of $5,000,000.00.

100)    Said actions and omissions of the defendants, above-referenced, above-referenced, were done maliciously and in reckless disregard of plaintiffs' constitutional rights; sufficient for an award of punitive damages against said defendants; in an amount to be shown at trial, in excessive of $2,000,000.00 against each defendant.

## FIFTH CAUSE OF ACTION
### INTERFERENCE WITH PARENT – CHILD RELATIONSHIP
### [42 U.S.C. § 1983]
### (By Plaintiffs Alaisha Tyshari Browder, D.K.A. and M.K.T. against Defendants County of San Bernardino, Jeremiah Cornett, Thomas Boydston and DOES 1 through 6, inclusive)

101)    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 100, inclusive, above, as if set forth in full herein.

102)    As set forth above, plaintiff Alaisha Tyshari Browder was arrested on November 6, 2018 for felony forgery (Cal. Penal Code § 470(a)) and felony child endangerment (Cal. Penal Code § 273a(a)), in the absence of an arrest warrant or probable cause to believe that plaintiff Alaisha Tyshari Browder committed a crime.

103)   Also as set forth above, plaintiff Alaisha Tyshari Browder was taken to jail and held there on $100,000.00 bail, until she was able to post said bail to be released, which she eventually did.

104)   Also as set forth above, while plaintiff Alaisha Tyshari Browder was taken to jail and held there on $100,000.00 bail, her children, plaintiffs D.K.A. and M.K.T. were taken into the custody of San Bernardino County Child Protective Services, and remained in their custody until they were returned to their mother, plaintiff Alaisha Tyshari Browder, 30 days later.

105)   Also as set forth above, defendants knew that plaintiff Alaisha Tyshari Browder was innocent of either forgery and child endangerment, but still attempted to frame her; something that they very well knew would result in her children being taken into the custody of Child Protective Services.

106)   The false arrest and attempted frame-up of plaintiff Alaisha Tyshari Browder by said defendants was conduct that was shocking to the conscience.

107)   This false arrest and attempted frame-up of plaintiff Alaisha Tyshari Browder by said defendants proximately caused plaintiff Alaisha Tyshari Browder and her children, plaintiffs D.K.A. and M.K.T., to suffer physical, mental and emotional pain, suffering and distress, attorney's fees, bail costs and other special and general damages, in an amount in excess of $5,000,000.00 each.

108)   Said actions and omissions of the defendants, above-referenced, above-referenced, were done maliciously and in reckless disregard of plaintiffs' constitutional rights; sufficient for an award of punitive damages against said defendants; in an amount to be shown at trial, in excessive of $2,000,000.00 against each defendant and in favor of each plaintiff.

## SIXTH CAUSE OF ACTION
### FALSE ARREST
### UNDER CALIFORNIA STATE LAW
### [42 U.S.C. § 1983]

CORRECTED COMPLAINT FOR DAMAGES
23

**(By All Plaintiffs against Defendants County of San Bernardino, Jeremiah Cornett, Thomas Boydston And Does 1 through 6, inclusive)**

109)   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 108, inclusive, above, as if set forth in full herein.

110)   As complained of above, said defendants Jeremiah Cornett, Thomas Boydston and DOES 1 through 6, inclusive, had neither an arrest warrant nor probable cause to believe that plaintiff Alaisha Tyshari Browder had committed a crime, nor reasonable suspicion of criminality afoot about her, or about her children. Moreover, as shown above, said defendants had unlawfully obtained a search warrant for the plaintiffs' home.

111)   Plaintiffs were all detained at gunpoint at their home, and plaintiff Alaisha Tyshari Browder falsely arrested and kept in jail in lieu of $100,000.00 bail.

112)   Plaintiffs were actually harmed by said conduct of said defendants.

113)   Accordingly, defendants are liable to plaintiff Alaisha Tyshari Browder for her false arrests / false imprisonment pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

114)   This false arrest / false imprisonment of plaintiffs by said defendants proximately caused plaintiffs to suffer physical, mental and emotional pain, suffering and distress, attorney's fees, bail costs and other special and general damages, in an amount in excess of $5,000,000.00 each.

115)   Said actions and omissions of the defendants, above-referenced, above-referenced, were done maliciously and oppressively; sufficient for an award of punitive damages against said defendants; in an amount to be shown at trial, in excessive of $2,000,000.00 against each defendant.

### SEVENTH CAUSE OF ACTION
### INVASION OF PRIVACY / TRESSPASS TO PRIVATE RESIDENCE

CORRECTED COMPLAINT FOR DAMAGES

24

**UNDER THE CALIFORNIA CONSTITUTION AND CALIFORNIA STATE LAW**
**(By Plaintiffs Alaisha Tyshari Browder, D.K.A. and M.K.T. against Defendants County of San Bernardino, Jeremiah Cornett, Thomas Boydston and DOES 1 through 6, inclusive)**

116) Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 115, inclusive, above, as if set forth in full herein.

117) As shown above, on November 6, 2018 defendants unlawfully entered, search and trashed the plaintiffs' apartment.

118) Said plaintiffs were actually harmed by said acts by defendants.

119) Accordingly, defendants are liable to plaintiff Alaisha Tyshari Browder for her false arrests / false imprisonment pursuant to Cal. Gov't Code §§ 815.2(a), 815.6, 820, 820.4 and 820.8.

120) This violation of the plaintiffs right to privacy and right not to have the police enter their home in the absence of consent, an emergency or a warrant validly obtained, unlike the search warrant in this case, also constituted a trespass of the plaintiffs' private residence.

121) This violation of the plaintiffs right to privacy / trespass to their private residence by said defendants proximately caused plaintiff Alaisha Tyshari Browder and her minor plaintiff children to suffer physical, mental and emotional pain, suffering and distress, attorney's fees, bail costs and other special and general damages, in an amount in excess of $5,000,000.00.

122) Said actions and omissions of the defendants, above-referenced, above-referenced, were done maliciously and oppressively; sufficient for an award of punitive damages against said defendants; in an amount to be shown at trial, in excessive of $2,000,000.00 against each defendant.

## EIGHTH CAUSE OF ACTION

CORRECTED COMPLAINT FOR DAMAGES
25

## UNREASONABLE FORCE UPON PERSON
## [42 U.S.C. § 1983]
## (By All Plaintiffs against Defendants County of San Bernardino, Jeremiah Cornett, Thomas Boydston And Does 1 through 6, inclusive)

123)   Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 122, inclusive, above, as if set forth in full herein.

124)   As shown above, when the defendants executed the search warrant at the plaintiffs' home on November 6, 2018, they pointed their guns at all of the plaintiffs.

125)   The crime for which the search warrant was obtained to investigate was forgery; a non-violent "paper" crime. There was no legitimate law enforcement reason / justification for the defendants to have pointed their guns at the plaintiffs, but nonetheless they did so.

126)   The pointing by the defendants of their guns at the plaintiffs when they executed the search warrant for the plaintiffs' home constituted the unlawful / unjustified / unconstitutional threatened use of deadly force upon the plaintiffs; a violation of the plaintiffs' rights not to be subjected to such threatened use of deadly force under the Fourth Amendment to the United States Constitution.

127)   This threatened use of deadly force upon the plaintiffs caused plaintiff Alaisha Tyshari Browder and her children, plaintiffs D.K.A. and M.K.T., to suffer physical, mental and emotional pain, suffering and distress, attorney's fees, bail costs and other special and general damages, in an amount in excess of $5,000,000.00 each.

128)   Said actions and omissions of the defendants, above-referenced, above-referenced, were done maliciously and in reckless disregard of plaintiffs' constitutional rights; sufficient for an award of punitive damages against said

defendants; in an amount to be shown at trial, in excessive of $2,000,000.00 against each defendant and in favor of each plaintiff.

### NINTH CAUSE OF ACTION
**CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON OFFICIAL POLICY, PRACTICE, OR CUSTOM**
**Monell Liability[8]**
**[42 U.S.C. § 1983]**
**(By All Plaintiffs against Defendants County of San Bernardino and DOES 1 through 6, inclusive)**

129)   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 128, inclusive, above, as if set forth in full herein.

130)   It is well known in the police profession for many years now that pointing a gun at persons during the execution of a search warrant for non-violent "paper crimes", such as forgery, is not necessary or usually justified; especially pointing guns at young children.

131) However, notwithstanding that knowledge, the San Bernardino County Sheriff's Department trains its deputy sheriffs to point their guns at all persons present during search warrant executions at private residences; even for investigation of "paper crimes" such as forgery.

132)   Moreover, the San Bernardino County District Attorney's Office established its Crimes Against Peace Officer's Unit ("CAPO") on May 15, 2013.

133)   The San Bernardino County District Attorney's Office CAPO Unit's primary purpose is to prosecute the victims of unreasonable force and false arrests by San Bernardino County peace officers, including the San Bernardino County

---

[8] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

CORRECTED COMPLAINT FOR DAMAGES
27

Sheriff's Department, to protect the County of San Bernardino from civil liability and to protect San Bernardino County peace officers, including the San Bernardino County Sheriff's Department, from civil liability and from obloquy.

134)   The San Bernardino County District Attorney's Office CAPO Unit was formed pursuant to an agreement between then San Bernardino County District Attorney Michael Ramos, DOES 7 through 10, inclusive, San Bernardino County Sheriff John McMahon and the various Chiefs of Police of police agencies in San Bernardino County, for the San Bernardino County District Attorney's Office to prosecute the victims of police use of unreasonable force and of false arrests in exchange for political endorsements by said Sheriff and the various San Bernardino County Chiefs of Police.

135)   The false "persecution" / prosecution of innocents by the San Bernardino County District Attorney's Office CAPO Unit resulted in the false arrest and the malicious criminal prosecution of plaintiff Alaisha Tyshari Browder complained of in this action.

136)   Over at least the past three decades the San Bernardino County Sheriff's Department has failed to discipline its deputy sheriffs for the use of unreasonable force upon innocents and other civilians, and has an unwritten policy to use unreasonable force upon persons who pose no threat to its deputies.

137)   Over the past ten years the San Bernardino County Sheriff's Department has used unreasonable force on an average of two thousand persons per year. In fact, those persons were also falsely arrested.

138)   Over than same period of time, within the past five years, the use of unreasonable force by San Bernardino County Sheriff's Department has increased and the severity and level of the use of force has been promoted by the San Bernardino County District Attorney's Office CAPO Unit by said unit deliberately persecuting and prosecuting the innocent victims of the use of unreasonable force

and false arrests by San Bernardino County Sheriff's Department deputy sheriffs, and by the San Bernardino County Sheriff's Department and DOES 7 through 10, inclusive, justifying the use of unreasonable force and false arrests upon civilians.

139)   Said policies and practices of the San Bernardino County District Attorney's Office CAPO Unit and the San Bernardino County Sheriff's Department's and DOES 7 through 10, inclusive's, failure to discipline literally thousands of deputy sheriffs for the obvious use of unreasonable force and false arrests for "contempt of cop" cases and otherwise.

140)   Said policies also resulted in the unlawful use of force upon Jonathan Wayne Barrio during the incident complained of in this action.

141)   Accordingly, as shown above, the actions of defendants COUNTY and DOES 7 through 10, inclusive, deprived the plaintiffs of their constitutional rights as complained of above.

142)   As a proximate result of said defendants creating, promulgating and acting pursuant to said policies, customs, usages and practices of defendant COUNTY and DOES 7 through 10, inclusive, above-described, said defendants committed said actions complained of above.

143)   As a direct and proximate result of the actions of defendants COUNTY and DOES 7 through 10, inclusive, plaintiff Alaisha Tyshari Browder and her children, plaintiffs D.K.A. and M.K.T., suffered physical, mental and emotional pain, suffering and distress, attorney's fees, bail costs and other special and general damages, in an amount in excess of $5,000,000.00 each.

144)   Said actions and omissions of the defendants, above-referenced, above-referenced, were done maliciously and in reckless disregard of plaintiffs' constitutional rights; sufficient for an award of punitive damages against said defendants; in an amount to be shown at trial, in excessive of $2,000,000.00 against each defendant and in favor of each plaintiff.

CORRECTED COMPLAINT FOR DAMAGES
29

**WHEREFORE**, plaintiffs prays for judgment as follows:

a)      For a judgment against all defendants for compensatory damages in an amount in excess of $10,000,000.00 for plaintiff Alaisha Tyshari Browder, and an amount in excess of $5,000,000.00 each for plaintiffs D.K.A. and M.K.T.

b)      For a judgment against all defendants, save defendant COUNTY for punitive damages in an amount in excess of $8,000,000.00;

c)      For an award of reasonable attorney's fees and costs;

d)      For a trial by jury; and

e)      For such other and further relief as this honorable court deems just and equitable.

12 / 9 / 19

_____
JERRY L. STEERING

CORRECTED COMPLAINT FOR DAMAGES
30